# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 8, 2021

Lyle W. Cayce
Clerk

No. 20-50674

Cat and Dogma, LLC,

*Plaintiff—Appellant*,

*versus*

Target Corporation,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:19-CV-1002

Before Wiener, Elrod, and Higginson, *Circuit Judges*.

Per Curiam:*

A Texas-based children's clothing company, Cat and Dogma, sued Target Corporation for copyright infringement. The district court granted Target Corporation's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). We REVERSE the judgment of the district court and REMAND the case for further proceedings consistent with this opinion.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-50674

## I.

Cat and Dogma ("Dogma") is an Austin-based children's clothing company. In 2015, Dogma published a two-dimensional design of a children's pajama garment ("The Design"). The Design consists of the phrase "i love you" displayed in a cursive, italicized font and all lowercase typeface. The phrase is arranged in 25 rows of repeating text. The phrase repeats 3–5 times in each of The Design's 25 horizontal rows. Dogma registered The Design with the United States Copyright Office and was granted Copyright Registration Number VA 2-172-249, with the effective date of September 19, 2019.

In 2017, Target Corporation ("Target") began selling a line of children's garments, sheets, and blankets that also incorporated the phrase "i love you," written in a cursive, italicized font and all-lowercase typeface. Target's garments also display the phrase in rows of repeating text.

In October 2019, Dogma filed a lawsuit against Target for copyright infringement, alleging that Target infringed its copyright in The Design by reproducing, distributing, and publicly displaying The Design without Dogma's authorization. In response, Target filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Target argued that Dogma's Design was not copyrightable and alleged a lack of substantial similarity between The Design and Target's products. The district court granted Target's motion to dismiss. Dogma timely appealed.

## II.

"We review motions to dismiss *de novo*." *Franklin v. Regions Bank*, 976 F.3d 443, 447 (5th Cir. 2020). We may not look beyond the pleadings when considering a 12(b)(6) motion to dismiss. *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994). We accept all factual allegations as true and view the facts in the light most favorable to the plaintiff. *Jebaco, Inc. v. Harrah's*

*Operating Co., Inc.*, 587 F.3d 314, 318 (5th Cir. 2009) ("Viewing the facts as pled in the light most favorable to the nonmovant, a motion to dismiss . . . should not be granted if a complaint provides 'enough facts to state a claim to relief that is plausible on its face.'") (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plaintiff must therefore allege sufficient factual matter for each required element of the cause of action. *Id.*; *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 178 (5th Cir. 2018) (citing *Rios v. City of Del Rio*, 444 F.3d 417, 421 (5th Cir. 2006)).

### III.

"To prove copyright infringement, a plaintiff must establish (1) ownership of a valid copyright; (2) factual copying; and (3) substantial similarity." *Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*, 783 F.3d 527, 549 (5th Cir. 2015) (quoting *Armour v. Knowles*, 512 F.3d 147, 152 (5th Cir. 2007) (per curiam)).

### A.

The first element of a copyright infringement claim is ownership of a valid copyright. "Copyright ownership is shown by proof of originality and copyrightability in the work as a whole and by compliance with applicable statutory formalities." *Eng'g Dynamics, Inc. v. Structural Software, Inc.*, 26 F.3d 1335, 1340 (5th Cir. 1994) (citing *Plains Cotton Coop. Ass'n v. Goodpasture Comput. Serv., Inc.*, 807 F.2d 1256, 1260 (5th Cir. 1987)). This

includes copyright registration. *See* 17 U.S.C. § 410(c). "A certificate of registration, if timely obtained, is prima facie evidence both that a copyright is valid and that the registrant owns the copyright." *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 141 (5th Cir. 2004) (per curiam). The defendant may rebut this presumption by offering evidence to dispute the plaintiff's prima facie case of infringement. *Lamps Plus, Inc. v. Seattle Lighting Fixture Co.*, 345 F.3d 1140, 1144 (9th Cir. 2003) (citing *Entm't Rsch. Grp., Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1217 (9th Cir. 1997)); *see also Norma Ribbon & Trimming, Inc. v. Little*, 51 F.3d 45, 47 (5th Cir. 1995) (discussing evidence brought by the defendant to dispute the copyright's presumptive originality on a motion for summary judgment).

Here, Dogma alleges its ownership of Copyright Registration VA 2-172-249 for The Design. We must accept all of Dogma's factual allegations as true and view such facts in the light most favorable to Dogma. *Jebaco, Inc.*, 587 F.3d at 318. Accordingly, we hold that Dogma adequately alleges ownership of a valid, registered copyright at the pleading stage.

Target attempts to rebut the presumptive validity afforded by Dogma's registration and asks us to affirm the district court's decision that Dogma's design is not copyrightable because it lacks the minimum level of creativity to be sufficiently original. *Cat & Dogma v. Target Corp.*, No. 19-1002, 2020 U.S. Dist. LEXIS 152762 at *5–6 (W.D. Tex. July 23, 2020). However, these arguments are premature. Reaching this issue would require us to look beyond the pleadings to make a factual determination and is thus inappropriate on a motion to dismiss. *Cinel*, 15 F.3d at 1341 (stating "[w]e may not look beyond the pleadings" on a 12(b)(6) motion to dismiss). Accordingly, we do not decide whether Target has successfully rebutted the presumption of validity.

B.

The second element of a copyright infringement claim is factual copying. In its Amended Complaint, Dogma alleges that Target had access to The Design before Target began selling the allegedly infringing pajama garments. Target does not dispute this allegation. We will therefore assume that Dogma adequately alleges factual copying. *See Audler v. CBC Innovis Inc.*, 519 F.3d 239, 255 (5th Cir. 2008) ("A party 'waives an issue if he fails to adequately brief it.'") (quoting *Castro v. McCord*, 256 F. App'x 664, 665 (5th Cir. 2007)).

C.

The third element of a copyright infringement claim is substantial similarity. To assess substantial similarity, "a side-by-side comparison must be made between the original and the copy to determine whether a layman would view the two works as substantially similar." *Nola Spice*, 783 F.3d at 550 (quoting *Creations Unlimited, Inc. v. McCain*, 112 F.3d 814, 816 (5th Cir. 1997)) (cleaned up). However, where the original work contains unprotectable elements, courts must first "distinguish between protectable and unprotectable elements of the copyrighted work," filtering out any unprotectable elements. *Id.* at 550. The court then determines whether the allegedly infringing work is substantially similar to the protectable aspects of the original work. *Id.* (citing *Peel & Co. v. Rug Mkt.*, 238 F.3d 391, 398 (5th Cir. 2001)). We address in turn: (1) whether Dogma has alleged the existence of a protectable design element, and (2) whether Dogma has alleged substantial similarity between Target's products and the protectable element of The Design.

1.

In the first step of the *Nola Spice* filtration analysis, we consider whether Dogma has alleged the existence of a protectable element in The

Design that can be used as the touchpoint of the substantial similarity analysis. *Nola Spice*, 783 F.3d at 550.

The record shows that in creating The Design, Dogma: (1) selected the phrase "I love you;" (2) selected the cursive, italicized font in which to display the phrase; (3) selected the all lowercase typeface in which to display the phrase; (4) arranged the foregoing selected elements in vertical rows of repeating text; and (5) arranged the rows of repeating text in a layout depicting the shape of a nightgown. Dogma does not allege that any of the individual constituent elements of The Design constitute original, protectable expression. Instead, Dogma alleges that the sole protectable aspect of The Design is the selection and arrangement of those unprotectable constituent elements. Dogma alleges that this arrangement and selection is sufficiently original to warrant copyright protection.

Dogma points to its certificate of copyright registration to support this position. The registration certificate "constitute[s] prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410(c). Prior to issuing a certificate of copyright registration, the Register of Copyrights determines whether the work "constitutes copyrightable subject matter and that the other legal and formal requirements of [The Copyright Act] have been met." 17 U.S.C. § 410(a). Therefore, in issuing Dogma's certificate of registration in The Design, the Register of Copyrights necessarily determined that The Design possessed the requisite degree of originality to warrant copyright protection. *See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 345 (1991) ("To qualify for copyright protection, a work must be original to the author.") (citing *Harper & Row, Publishers v. Nation Enters.*, 471 U.S. 539, 547–49 (1985)).

Accepting the foregoing facts as true and construing the presumptive validity of the copyright in favor of Dogma, we hold that Dogma has

sufficiently alleged originality in its selection and arrangement of the unprotectable elements which comprise The Design.

Target raises several arguments challenging the degree of originality underlying Dogma's selection and arrangement of the elements in The Design. However, reaching the merits of those arguments requires us to go beyond the pleadings and is improper on a motion to dismiss under FRCP 12(b)(6). *Cinel*, 15 F.3d at 1341 (stating "[w]e may not look beyond the pleadings" on a 12(b)(6) motion to dismiss).

2.

In the second step of the *Nola Spice* filtration analysis, we consider whether Dogma has alleged substantial similarity between the protectable selection and arrangement of The Design and Target's allegedly infringing products.[1] *Nola Spice*, 783 F.3d at 550.

Dogma's Amended Complaint provides images of The Design and Target's products in a side-by-side comparison. Comparing the designs in the light most favorable to Dogma, the designs appear to be similarly arranged. We therefore determine that a reasonable jury could find the designs to be substantially similar based solely upon the similarity of the selection and arrangement of the underlying elements. For this reason, the question of substantial similarity, or any other appropriate standard, should be left to the factfinder. *See id.* at 550 ("[T]he question of substantial similarity typically should be left to the factfinder . . . .") (quoting *Peel & Co.*, 238 F.3d at 395); *see also* 4 NIMMER ON COPYRIGHT § 13.03[A][4] (2021) (describing "thin" copyrights).

---

[1] We assume, without deciding, that the standard of substantial similarity applies here. *Cf.* 4 NIMMER ON COPYRIGHT § 13.03[A][4] (2021) (describing "thin" copyrights).

Relevant to this stage of analysis, Target enumerates what it believes to be key differences between its products and The Design. However, deciding whether those asserted dissimilarities negate a finding of substantial similarity again requires the court to go beyond the pleadings. Such action is improper in considering a motion to dismiss under 12(b)(6). *Cinel*, 15 F.3d at 1341; *cf. Nola Spice*, 783 F.3d 527 (resolving questions of fact related to substantial similarity on a motion for summary judgment).

Although a court or jury may ultimately conclude that the similarities between Target's products and the protected selection and arrangement of Dogma's design are insubstantial, we are convinced that they are sufficiently substantial to survive a 12(b)(6) motion to dismiss.

## IV.

We hold that Dogma has alleged sufficient facts for each required element of copyright infringement. We therefore REVERSE the district court's dismissal and REMAND for further proceedings consistent with this opinion.